**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE BOARD OF COUNTY COMMISSIONERS OF DELAWARE COUNTY, STATE OF OKLAHOMA , | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CV-00460-CVE-JFJ |
| | ) | |
| PURDE PHARMA L.P., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS......................................................................................................... 1

STANDARD ............................................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

A.      There is No Federal Question Presented Here ................................................. 3

B.      State Action Does Not Necessarily Raise a Federal Question ....................... 5

C.      There is No Federal Issue Actually Disputed ................................................... 5

D.      There is No Substantial Federal Issue................................................................ 5

E.      Federal Abstention Favors A Remand To State Court ................................... 6

CONCLUSION .......................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Cases**

*Burford v. Sun Oil Co., 319 U.S. 315 (1943)*.................................................................. 7
*Caterpillar Inc. v. Williams, 482 U.S. 386, 393-394 (1987* ........................................ 4
*Delaware v. Purdue Pharma L.P.*, No. 18-383, 10-11 (D. Del. Apr. 25, 2018)............... 2
*Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013)............................................. 2
*Empire Healthchoice Assurance, v. McVeigh*, 547 U.S. 677 (2006)............................... 5
*Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)........................... 2
*Gully v. First National Bank*, 299 U.S. 109, 112-13 (1936)........................................... 3
*Gunn v. Minton* 568 U.S. 251, 260 (2013)..................................................................... 5
*Gunn v. Minton*, 568 U.S. 251, 256 (2013)..................................................................... 2
*Joseph A. v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 1999......................................... 7
*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)......................................... 3
*Madsen v. Prudential Federal Savings & Loan Ass'n*, 635 F.2d 797, 800 (10th Cir. 1980 ........... 4
*Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 164 (3d Cir. 2014)......... 5
*Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) ...................... 3
Merrell Dow, 478 at 810–14, 106 S.Ct. 3229)................................................................ 4
*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002)................................................... 3
*New Hampshire v. Purdue Pharma,* 2018 U.S. Dist. LEXIS 3492 ................................. 2
*Pennsylvania v. Eli Lilly & Co., Inc.*, 511 F.Supp.2d 576, 578–79, 2007 WL 1876531, (E.D.
  Pa.2007) ..................................................................................................................... 4
*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)............................................................. 6
*Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758-59 (7th Cir. 2009) ............. 3
*State of New Mexico ex rel. Balderas v. Purdue Pharma L.*P ..................................... 1, 2
Utah v. Eli Lilly & Co., 509 F. Supp. 2d 1016, 1022 (D. Utah 2007)............................. 4
*Weber County, Utah v Purdue Pharma L.P., et al.* No. 1:18-cv-00089-RJS Dkt. No. 19 ............. 1
*Younger v. Harris,* 401 U.S. 37 (1971)........................................................................... 6

**Statutes**

28 U.S.C. § 1441(a) ....................................................................................................... 3
28 U.S.C. § 1441(b)(2) .................................................................................................. 7
Fed. R. Civ. Proc. 12(b)(6) ............................................................................................ 8

**Rules**

Fed. R. Civ. P. 19............................................................................................................ 9

Plaintiff, The Board of County Commissioners of Delaware County, State of Oklahoma, respectfully submits this Brief in Support of its Motion to Remand [Dkt. 49], requesting this action be remanded back to the District Court of Delaware County, Oklahoma.

## PRELIMINARY STATEMENT

Defendant McKesson improperly removed this action to the Northern District of Oklahoma on September 6, 2018. This Court should remand this action back to the District Court of Delaware County, Oklahoma because there is no federal question.

Specifically, courts throughout this Circuit have repeatedly refuted the proposition that a federal question exists in the scenarios presented in this case. W*eber County, Utah v Purdue Pharma L.P., et al.* No. 1:18-cv-00089-RJS Dkt. No. 19, *see also State of New Mexico ex rel. Balderas v. Purdue Pharma L.*P., No. 1:18-cv00386-JCH-KBM, 2018 WL 2943246.

Therefore, this Court should remand this action back to state court as there is no federal question, nor diversity of the parties.

## STATEMENT OF FACTS

On June 13, 2018, Plaintiff, the Board of County Commissions of Delaware County, State of Oklahoma, filed a Complaint in the District Court of Delaware County, Oklahoma against Manufacturer, Physician, and Distributor Defendants.  The Complaint alleges that Delaware County "spends millions of dollars each year to provide and pay for health care, services, pharmaceutical care and other necessary services and programs on behalf of residents of its County whom are indigent, or otherwise eligible for services, including payments through services such as Medicaid for prescription opioid painkillers which are manufactured, marketed, promoted, sold and/or distributed by the Defendants ."

The Complaint asserts seven causes of action against all Defendants: (1) Oklahoma Consumer Protection Act 15 OKL. ST. § 753; (2) Public Nuisance; (3) Fraud; (4) Unjust Enrichment; (5) Negligence; (6) Negligent Marketing; and (7) Oklahoma Racketeer-Influenced and Corrupt Organizations Act 22 OK STAT §  22-1403  (*Id.* ¶¶ 746 - 924)

## STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013).

"Removal statutes are to be strictly construed, and the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction." *New Mexico v. Purdue Pharma L.P.*, et al., No. 18-cv-386 (D.N.M. June 12, 2018) (citing *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013)) (granting State of New Mexico's Motion to Remand in opioid litigation following improper removal) (emphasis added).

"Any doubts regarding subject matter jurisdiction are to be resolved against removal." *Id.* (citing *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)). When removal is improper, the Court must remand the case back to state court. *Id.*; see also 28 U.S.C. §1447. Further, state opioid cases have routinely been decided by the local federal court and have consistently been remanded. See *New Mexico v. Purdue Pharma L.P.*, et al., No. 18-cv-386 at 15 (D.N.M. June 12, 2018) (ordering remand); *Delaware v. Purdue Pharma L.P.*, No. 18-383, 10-11 (D. Del. Apr. 25, 2018) (ordering remand); *New Hampshire v. Purdue Pharma,* 2018 U.S. Dist. LEXIS 3492, at *9-10 (D.N.H. Jan. 9, 2018) (ordering remand). This case is even simpler because here, all Defendants stipulated they would not remove the case. In addition, the Plaintiff sued Oklahoma resident physicians that were involved in the opioid crisis.  The Court need look no further.

Further, to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. See 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1441(a), a defendant may remove to federal court a state court action that originally could have been filed in federal court. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758-59 (7th Cir. 2009). The party seeking removal, on this ground, here McKesson, bears the burden of establishing that federal subject matter jurisdiction exists at the time of removal. *Id.*

The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). When a defendant removes a case from state court asserting diversity jurisdiction, it must establish that the jurisdictional requirements of 28 .S.C. § 1332 have been met. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). When there is any doubt as to the right of removal, it is incumbent on a court to reject removal and to favor remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When a case originates in state court, a "strong presumption" exists against removal, and all ambiguities are resolved in favor of remanding the case. See, e.g., *Martin*, 251 F.3d at 1289-90. This is so because the need for strictly limiting removal jurisdiction arises out of due respect for the sovereignty of state governments and for the protection of state judicial power. *Shamrock Oil & Gas Corp*. v. Sheets, 313 U.S. 100, 108-109 (1941)

## ARGUMENT

### A.  There is No Federal Question Presented Here

The United States Supreme Court has determined that "the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing *Gully*

*v. First National Bank*, 299 U.S. 109, 112-13 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. Consistent with other jurisdictions, the Tenth Circuit has explained that the requisite "federal right" must be "an essential element of the plaintiff's cause of action, and . . . the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Madsen v. Prudential Federal Savings & Loan Ass'n*, 635 F.2d 797, 800 (10th Cir. 1980) (citing Gully, supra), cert. denied 451 U.S. 1018 (1981). Moreover, "the mere presence of a federal standard embedded in a state law cause of action is not sufficient to warrant federal subject matter jurisdiction where there is no federal remedy for a violation of the federal statute." Utah v. Eli Lilly & Co., 509 F. Supp. 2d 1016, 1022 (D. Utah 2007) (quoting Pennsylvania v. Eli Lilly & Co., Inc., 511 F.Supp.2d 576, 578–79, 2007 WL 1876531, (E.D. Pa.2007), at *7 (citing Merrell Dow, 478 at 810–14, 106 S.Ct. 3229); see also Grable, 545 U.S. at 318, 125 S.Ct. 2363.)

The Supreme Court's decision in Grable determines whether an "embedded federal question" exists in a plaintiff's claim: (1) whether plaintiff's "well-pleaded complaint necessarily raises a federal question"; (2) whether the federal question is "actually disputed and substantial"; and (3) whether the question "is one that a federal court may entertain without impermissibly tilting the balance of federal and state responsibilities." *Utah v. Eli Lilly & Co.*, at 1022. None of the necessary conditions for federal subject matter jurisdiction prevail here. Specifically, the first prong fails as there is no express provision to remove a complaint that refers to the CSA. The second prong similarly fails as the CSA does not preempt any of Utah's legislation. Specifically, the CSA states that Congress does not intend "to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject

matter which would otherwise be within the authority of the State…." See 21 U.S.C.A. §903. Furthermore, the Supreme Court has held that a removal based on the premise of federal preemption of a parallel state law is insufficient; that complete preemption is required. *See Caterpillar Inc. v. Williams, 482 U.S. 386, 393-394 (1987*). Finally, McKesson fails to satisfy the third prong by contending the County's state law claims arise under federal law, utilizing the Grable test, a rare exception that as outlined below, does not apply to the instant case.

### B.   State Action Does Not Necessarily Raise a Federal Question

A simple connection to federal law, or even the existence of a federal component in a state-law claim,1 does not establish Grable jurisdiction. In fact, "even if Plaintiffs' claims were partially predicated on federal law, federal law would still not be necessarily raised." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 164 (3d Cir. 2014), aff'd, 136 S. Ct. 1562 (2016).

### C.   There is No Federal Issue Actually Disputed

While the CSA is mentioned over the course of an 817-paragraph complaint, it is not "necessarily raised" in the Complaint, nor is it "actually disputed." The Distributors incorrectly contend that this federal issue is 'actually disputed' because the parties disagree as to the scope of alleged duties arising under the CSA and whether McKesson violated its duties. There is no dispute, as McKesson has pled guilty and paid fines to the U.S. Drug Enforcement Administration ("DEA") and other federal and state government entities arising from their violation of the CSA.

### D.   There is No Substantial Federal Issue

On the question of 'substantiality' in this context, the Supreme Court has emphasized that the 'substantiality' inquiry is wholly separate from the 'necessary' inquiry and demands that a

federal question must be not only important to the parties, but important to the federal system. (Empire Healthchoice Assurance, v. McVeigh, 547 U.S. 677 (2006)). Federal issues must be significant "to the federal system as a whole." Gunn v. Minton 568 U.S. 251, 260 (2013). "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit." Id. "[S]omething more, demonstrating that the question is significant to the federal system as a whole, is needed." Id. at 264. The determination of whether Defendants violated the CSA is not substantial to the government as a whole and Plaintiffs do not seek to interpret the CSA such that it affects the manner in which the government operates. Rather, any ostensibly federal issue in this case will be substantial only to the parties. The outcome will not be controlling in any other case, as it will involve a factual determination relating to Defendants' conduct. See Empire Healthchoice Assurance, Inc., 547 U.S. at 700 (noting that Grable & Sons was substantial because its resolution "would be controlling in numerous other cases").

The opioid crisis is taking a heavy toll in Oklahoma, where the latest numbers show a "dramatic" increase in the number of overdose deaths. The costs associated with the County's' attempt to fight the opioid epidemic inside of Oklahoma is not a federal issue utilizing federal funds, policy, or legislation. The federal issues here are not a result of "the action of any federal department, agency, or service" but are a result of determining whether Defendants acted negligently or engaged in consumer fraud, public nuisance, civil conspiracy, or other state law causes of action.

### E.  Federal Abstention Favors A Remand To State Court

Principles underlying the doctrine of federal abstention provide another basis for this Court to decline to exercise jurisdiction and remand to state court, even if there is any remaining ambiguity or doubt lingering as to lack of original federal-question jurisdiction. Younger

Abstention derives from the case of Younger v. Harris, 401 U.S. 37 (1971). While Younger involved a criminal proceeding, the United States Supreme Court extended the Younger abstention doctrine to civil proceedings. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987). The doctrine allows "that a federal court refrain from hearing an action over which it has jurisdiction 'when the federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests, and (3) affords an adequate opportunity to raise federal claims.'" Joseph A. v. Ingram, 275 F.3d 1253, 1267 (10th Cir. 1999) (quoting J.B. v. Valdez, 186 F.3d 1280, 1291 (10th Cir. 1999)).

Burford abstention is utilized "to avoid needless conflict with the administration by a state of its own affairs." Burford v. Sun Oil Co., 319 U.S. 315 (1943), Wright et al, LAW OF FEDERAL COURTS, § 52 at 325 (6th ed. 2002). Here, as in application of the Younger abstention doctrine, it is emphasized that the case presents issues relating to state policies implemented and organized under state program, created by the state legislature for the state's counties to administer. In Burford, the Supreme Court held that abstention would be appropriate in the type of case where the "questions of regulation of the industry by the State administrative agency . . . so clearly involves basic problems of [State] policy that equitable discretion should be exercised to give the [State] courts the first opportunity to consider them." Burford, 319 U.S. at 332. Pursuant to the Burford abstention doctrine, a federal action should be dismissed or remanded entirely.

## CONCLUSION

For the reasons stated above, the Court should remand this action back to the District Court of Delaware County, Oklahoma.

Respectfully submitted,


*/George Gibbs*
George Gibbs, OBA #11843
GIBBS ARMSTRONG BOROCHOFF, P.C.
601 South Boulder Avenue, Suite 500
Tulsa, Oklahoma 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE


I hereby certify that on this 19th day of September, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will also transmit a Notice of Electronic Filing to all counsel of records


*/George Gibbs*
George Gibbs


8