# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE BOARD OF COUNTY COMMISSIONERS OF DELAWARE COUNTY, STATE OF OKLAHOMA, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:18-cv-00460-CVE-JFJ |
| v. | ) | |
| | ) | |
| PURDE PHARMA L.P., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ENDO HEALTH SOLUTIONS INC. AND ENDO PHARMACEUTICALS INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 2

ARGUMENT ............................................................................................................. 6

I.      THE COURT SHOULD DEFER RULING ON PLAINTIFF'S MOTION
        TO REMAND AND BRIEFLY STAY THIS ACTION PENDING ITS
        TRANSFER TO THE OPIATE MDL ......................................................... 6

II.     IF THE COURT ADJUDICATES THE MOTION, REMAND SHOULD
        BE DENIED BECAUSE THE CITIZENSHIP OF THE DEALER
        DEFENDANTS SHOULD BE IGNORED ............................................... 11

        A.     The Dealer Defendants Should Be Severed Under Federal Rule of
              Civil Procedure 21 ........................................................................... 11

             1.     The Dealer Defendants Are Unnecessary and Dispensable
                  Under Rule 19 ..................................................................... 11

             2.     The Dealer Defendants Are Also Misjoined Under Rule 20 ............... 16

        B.     In the Alternative, the Dealer Defendants Are Fraudulently
              *Mis*joined ........................................................................................ 17

CONCLUSION ........................................................................................................ 19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. State Farm Mut. Auto. Ins. Co.*,
  No. 4:08CV345-RH/WCS, 2008 WL 11366408 (N.D. Fla. Nov. 10,
  2008) ....................................................................................................................... 16

*Brin v. ACI Motor Freight, Inc.*,
  No. 13-cv-02035-RBJ, 2014 WL 1664889 (D. Colo. Apr. 23, 2014) ................... 12, 14

*Bunnell v. Oklahoma MH Properties, LP*,
  No. CIV-12-372-R, 2012 WL 12863916 (W.D. Okla. May 11, 2012) ...................... 18

*City of Huntington v. AmerisourceBergen Drug Corp.*,
  Civ. A. No. 3:17-01362, 2017 WL 3317300 (S.D. W. Va. Aug. 3, 2017) ............ 18, 19

*Cnty. Comm'n of McDowell Cnty., v. McKesson Corp.*,
  263 F. Supp. 3d 639 (S.D.W. Va. 2017) ................................................................ 18, 19

*Cohen v. Office Depot, Inc.*,
  204 F.3d 1069 (11th Cir. 2000) ................................................................................... 18

*Cooke-Bates v. Bayer Corp.*,
  No. 3:10-cv-261, 2010 WL 3984830 (E.D. Va. Oct. 8, 2010) .............................. 13, 16

*Cty. Comm'n of McDowell Cty. v. McKesson Corp.*,
  263 F. Supp. 3d 639 (S.D. W. Va. 2017) ..................................................................... 18

*DeGidio v. Centocor, Inc.*,
  No. 3:09CV721, 2009 WL 1867676 (N.D. Ohio July 8, 2009) .................................... 13

*In re Diet Drug Litig.*,
  No. CV 11-9507 CAS, 2012 WL 13012665 (C.D. Cal. Jan. 11, 2012) ..................... 6, 9

*DirecTV, Inc. v. Beecher*,
  296 F. Supp. 2d 937 (S.D. Ind. 2003) .......................................................................... 16

*Fontanilles v. Merck & Co., Inc.*,
  No. 04-22799-CIV, 2004 WL 5569871 (S.D. Fla. Dec. 15, 2004) ................................ 8

*Greene v. Wyeth*,
  344 F. Supp. 2d 674 (D. Nev. 2004) ............................................................................ 16

*Hess v. Volkswagen Grp. of Am., Inc.*,
    No. 2:16-cv-00668-KOB, 2016 WL 3483166 (N.D. Ala. June 27, 2016) ................... 8

*Jones v. Masterson*,
    No. 17-cv-00188-RBJ, 2017 WL 2532044 (D. Colo. June 12, 2017) ........................ 12

*Joseph v. Baxter International, Inc.*,
    614 F. Supp. 2d 868 (N.D. Ohio 2009)...................................................... 12, 13, 14, 15

*Knearem v. Bayer Corp.*,
    No. 02-2096-CM, 2002 WL 1173551 (D. Kan. May 7, 2002) .................................... 7

*Krieger v. Merck & Co., Inc.*,
    No. 05-cv-6338L, 2005 WL 2921640 (W.D.N.Y. Nov. 4, 2005) ............................... 6

*Lafalier v. State Farm Fire & Cas. Co.*,
    391 F. App'x 732 (10th Cir. Aug. 19, 2010) .............................................. 17

*Lenon v. St. Paul Mercury Ins. Co.*,
    136 F.3d 1365 (10th Cir. 1998) ................................................................. 11

*Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*,
    No. Civ.A. 02-2435-CM, 2003 WL 21313957 (D. Kan. May 23, 2003) ............. 16, 17

*Mayfield v. London Women's Care, PLLC*,
    No. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. May 28, 2015) ........................... 13, 15

*Multimedia Games, Inc. v. WLGC Acquisition Corp.*,
    214 F. Supp. 2d 1131 (N.D. Okla. 2001) ..................................................... 15

*Nelson v. Aim Advisors, Inc.*,
    No. 01-CV-0282-MJR, 2002 WL 442189 (S.D. Ill. Mar. 8, 2002) ............................ 17

*New Mexico State Inv. Council v. Alexander*,
    317 B.R. 440 (D.N.M. 2004) ................................................................ 6, 7, 8, 9

*Randleel v. Pizza Hut of Am., Inc.*,
    182 F.R.D. 542 (N.D. Ill. 1998) ............................................................... 16

*Robinson v. DePuy Orthopedics, Inc.*,
    No. 3:12-cv-00003, 2012 WL 831650 (W.D. Va. Mar. 6, 2012) ................................ 6

*Sullivan v. Calvert Mem'l Hosp.*,
    117 F. Supp. 3d 702 (D. Md. 2015) ...................................................... 13, 14, 15, 16

*Sutton v. Davol, Inc.*,
  251 F.R.D. 500 (E.D. Cal. 2008) ............................................................... 16

*Tapscott v. MS Dealer Serv. Corp.*,
  77 F.3d 1353 (11th Cir. 1996) .................................................................. 17

*Temple v. Synthes Corp.*,
  498 U.S. 5 (1990) ....................................................................................... 14

*Westley v. Progressive Specialty Ins. Co.*,
  No. 14-1410, 2014 WL 4489620 (E.D. La. Sept. 10, 2014)........................ 16

**Statutes**

28 U.S.C. § 1331 ............................................................................................. 5

28 U.S.C. § 1332 ............................................................................................. 5

28 U.S.C. § 1441(b) ........................................................................................ 5

28 U.S.C. § 1441(c) ........................................................................................ 5

15 OKL. ST. § 753(5) ...................................................................................... 5

22 OKL. ST. § 22-1403 ................................................................................... 5

Plaintiff's brief in support of its Motion to Remand (the "Motion" or "Mot.") (Doc. 49) does not address the arguments that Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") raised in their Supplemental Notice in Support of Removal (Doc. 13).   Because those arguments address this Court's jurisdiction and are pertinent to the Motion, Endo respectfully submit this opposition to Plaintiff's Motion.

## INTRODUCTION

This opioid-related action is substantially similar to more than 1,000 actions that have already been transferred to the ongoing opiate multidistrict litigation ("MDL") in the Northern District of Ohio.   Because this action "involve[s] questions of fact that are common to the actions" in the opiate MDL, the Judicial Panel on Multidistrict Litigation ("JPML") has conditionally transferred this action to the MDL.   *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 2529 (Sept. 19, 2018 CTO-56).   On September 28, 2018, Co-Defendants McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Drug Corporation filed a joint motion to stay this action.   (Doc. 71.) To ensure uniform treatment of the remand issues raised here and in virtually identical actions already transferred to the MDL, this Court should grant that motion and briefly stay this case, including any decision on remand, pending a final decision from the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this action to the MDL. Courts across the country have stayed similar opioid-related actions for these reasons. This Court should do the same.

If, however, the Court decides to adjudicate Plaintiff's Motion, remand should be denied.   As between Plaintiff and the 26 pharmaceutical manufacturer, distributor,

pharmacy and physician defendants named here, there is no dispute that complete diversity of citizenship exists and the amount in controversy is satisfied.   In a transparent effort to thwart federal diversity jurisdiction and avoid the MDL, however, Plaintiff tacked on unrelated claims against five Oklahoma doctors and accused them of criminal drug dealing by overprescribing opioid medications.

Where, as here, a plaintiff sues diverse defendants and adds meritless and/or distinct claims against one or more non-diverse defendants in an effort to destroy diversity, it is proper for courts to ignore the citizenship of the non-diverse defendants, sever them, and retain diversity jurisdiction over the diverse parties.   The citizenship of the local doctors should be ignored because they are subject to severance under Rule 21 (because they are unnecessary and dispensable parties under Rule 19 as well as misjoined under Rule 20), and fraudulently *mis*joined.

Accordingly, this Court should briefly stay this action pending a final decision from the JPML on transfer to the opiate MDL, or alternatively deny the motion to remand.

## BACKGROUND

Plaintiff, the Board of County Commissioners of Delaware County, brought this action against companies that manufacture and market FDA-approved and DEA-regulated prescription opioid medications indicated for the management of pain (the "Manufacturer Defendants");[1] purported "key opinion leader" physicians who allegedly promoted the

---

[1] The Manufacturer Defendants are Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals,

Manufacturer Defendants' opioid medications ("Physician Defendants"); [2] major pharmaceutical distributors ("Distributor Defendants"); [3] and national pharmacies ("Pharmacy Defendants").[4]   The Plaintiff also named five Oklahoma doctors accused of illegal drug dealing (the "Dealer Defendants").[5]

Like dozens of cases removed to federal court and transferred to the opiate MDL, the thrust of the Complaint is that the Manufacturer Defendants and Physician Defendants engaged in a nationwide marketing and promotional campaign that misrepresented the risks and benefits of FDA-approved prescription opioid medications.   (Compl. ¶¶ 12-19, 51-52, 185-739.)   According to Plaintiff, the Manufacturer Defendants and Physician Defendants "misrepresented the risks, benefits, and superiority of opioids [for] long-term use to treat chronic pain" (*id.* ¶ 14) and "marketed [prescription opioid medications] for indications and benefits that were outside of the drugs' labels and not supported by substantial evidence" (*id.* ¶ 16).   All of the Manufacturer Defendants and Physician Defendants are citizens of states or foreign states other than Oklahoma.   (*Id.* ¶¶ 65-87, 137-139.)

Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Insys Therapeutics, Inc.; and Mallinckrodt LLC.   The case caption names "Purde Pharma L.P."   The Complaint otherwise identifies Purdue Pharma L.P.

[2] The Physician Defendants are Perry Fine; Scott Fishman; and Lynn Webster.

[3] The Distributor Defendants are McKesson Corporation; Cardinal Health, Inc.; and AmerisourceBergen Drug Corporation.

[4] The Pharmacy Defendants are CVS Health Corporation; Walgreens Boots Alliance, Inc.; and Walmart Inc.

[5] The Dealer Defendants are Tamerlane Rozsa; Roger Kinney; Joshua Livingston; Joseph Knight; and Christopher Moses.

As to the Distributor Defendants, Plaintiff alleges that they "failed in their duty to take any action to prevent or reduce the distribution of [opioids]" or to notice and report "suspicious or alarming orders of opioid pharmaceuticals . . . to the proper authorities and governing bodies" as required by "Oklahoma law and regulations."   (*Id.* ¶¶ 753, 755.) The Complaint further alleges that the Distributor Defendants failed to "prevent the flow of prescription opioids . . . into Garvin."   (*Id.* ¶ 766.)   All of the Distributor Defendants are citizens of states other than Oklahoma.   (*Id.* ¶¶ 89, 96, 101.)

As to the Pharmacy Defendants, Plaintiff alleges that they "engaged in improper dispensing practices" (*id.* ¶ 838) by failing to "adequately train their pharmacists and pharmacy techs on how to properly and adequately handle prescriptions for opioid painkillers" (*id.* ¶ 793), failing to "identify healthcare professionals that were writing suspicious numbers of prescriptions and/or prescriptions of suspicious amounts of opioids (*id.* ¶ 796), and by failing to "prevent the filling of prescriptions that contributed to the opioid crisis" (*id.* ¶ 797).   All of the Pharmacy Defendants are citizens of states other than Oklahoma.   (*Id.* ¶¶ 109-111.)

These allegations are run-of-the-mill of the multitude of cases pending in the MDL. But Plaintiff also has added some tangential claims against judgment proof Dealer Defendants.   Plaintiff alleges that the Dealer Defendants systematically overprescribed opioid medications to residents of Delaware County and were the subjects of various enforcement actions by the Oklahoma Board of Medical Licensure and the United States Drug Enforcement Administration.   (*Id.* ¶¶ 113-136).   The Dealer Defendants are the

only Defendants in this case who are citizens of Oklahoma.   (*Id.* ¶¶ 113, 118, 122, 127, 131.)

The Complaint asserts seven causes of action against "all Defendants," though it is unclear how, if at all, these claims relate to the allegations against the Dealer Defendants: (1) unfair and deceptive practices under 15 OKL. ST. § 753(5); (2) public nuisance; (3) fraud; (4) unjust enrichment; (5) negligence; (6) negligent marketing; and (7) racketeering under 22 OKL. ST. §22-1403.   (Compl. ¶¶ 865-957.)

On December 5, 2017, the JPML created an MDL that would include this case.   *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order).   More than 1,000 actions asserting claims materially identical to those asserted here have been transferred to the MDL, with more surely to follow.   *Id.* Doc. 2529 (CTO-56).   On September 5, 2018, defendant McKesson Corporation removed this action on the basis of federal question jurisdiction, 28 U.S.C. §§ 1331 and 1441(c).   (See Doc. 2.) On September 6, 2018, Endo filed a supplemental notice of removal because this action was independently removable pursuant to 28 U.S.C. §§ 1332 and 1441(b).   On September 19, the JPML conditionally transferred this action to the opiate MDL because it "involve[s] questions of fact that are common to the actions previously transferred to" the MDL.   *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 2529 (CTO-56).   On September 26, Plaintiff filed a notice of opposition to the conditional transfer order.   *Id.* Doc. 2621 (Not. of Opp'n).

On September 19, 2018, Plaintiff moved to remand this action to state court, challenging only the basis for jurisdiction set forth in McKesson's Notice of Removal, and

ignoring the additional arguments for removal detailed in Endo's supplemental notice. (Doc. 50.)

On September 28, 2018, Co-Defendants McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Drug Corporation filed a joint motion to stay this action pending resolution of the MDL transfer.   (Doc. 71.)   Briefing on the transfer issue will be complete by November 11, with a final decision on transfer from the JPML expected after briefing is complete.

## ARGUMENT

## I.   THE COURT SHOULD DEFER RULING ON PLAINTIFF'S MOTION TO REMAND AND BRIEFLY STAY THIS ACTION PENDING ITS TRANSFER TO THE OPIATE MDL

The Court need not address Plaintiff's Motion at this time; instead, it should grant the pending motion to stay these proceedings.   (Doc. 71.)   "'[T]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case to the MDL panel.'"   *New Mexico State Inv. Council v. Alexander*, 317 B.R. 440, 443 (D.N.M. 2004) (quoting *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *2-3 (W.D. Tenn. Apr. 2, 2001)).   Courts across the country have recognized this "general rule."   *E.g.*, *In re Diet Drug Litig.*, No. CV 11-9507 CAS (JEMx), 2012 WL 13012665, at *1 (C.D. Cal. Jan. 11, 2012); *Krieger v. Merck & Co., Inc.*, No. 05-cv-6338L, 2005 WL 2921640, at *1 (W.D.N.Y. Nov. 4, 2005); *Robinson v. DePuy Orthopedics, Inc.*, No. 3:12-cv-00003, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012).   The Court should follow this well-established general rule here.

A stay would promote judicial economy.   As courts within this Circuit have held, "judicial economy is best served by staying . . . litigation pending a resolution of the conditional transfer order" because a stay "avoids the possibility of inconsistent pretrial rulings" and allows one judge to "decide for all cases involved in the . . . MDL whether the jurisdictional requirements are satisfied."   *Knearem v. Bayer Corp.*, No. 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002).   Indeed, "[h]aving one court decide the complex jurisdictional issues raised in the numerous [opioid-related] actions obviously saves judicial resources and reduces the risk of inconsistent rulings."   *New Mexico State Inv. Council*, 317 B.R. at 446.

Here, these concerns for preserving judicial resources and avoiding inconsistent results are especially pronounced.   At least 25 substantially similar opioid-related actions filed by these Plaintiff's lawyers in other courts and on behalf of other plaintiffs have been removed on the same grounds as are present here—complete diversity of citizenship achieved via Rule 21 severance and/or procedural misjoinder of similarly situated non-diverse defendants—and transferred to the MDL prior to resolution of any remand motion.   *See* **Exhibit 1**.   Notably, one of these transferred actions (*County of Mora*) was removed to a district court in this Circuit and has a remand motion pending in the MDL that presents virtually identical issues to those raised here—*i.e.*, whether under Rule 21 or the procedural misjoinder doctrine, claims against non-diverse doctors accused of criminally prescribing opioid medications to consumers without any legitimate medical purpose should be severed from claims against the same core group of diverse Defendants named

here.[6]   And at least 34 additional opioid-related actions filed by different plaintiff lawyers have been removed on substantially similar grounds as this case and transferred to the MDL prior to resolution of any remand motion.   *See* **Exhibit 2**.   Judicial economy and uniformity heavily favor deferring the remand question to the MDL court.   *See Fontanilles v. Merck & Co., Inc.*, No. 04-22799-CIV, 2004 WL 5569871, at *1 (S.D. Fla. Dec. 15, 2004) ("[J]udicial economy and uniformity dictate that the Court defer ruling on Plaintiffs' Motion to Remand . . . to allow the MDL judge to resolve the issues presented by similar remand motions."); *Hess v. Volkswagen Grp. of Am., Inc.*, No. 2:16-cv-00668-KOB, 2016 WL 3483166, at *5 (N.D. Ala. June 27, 2016) ("Where jurisdictional issues are common to other cases already pending before the MDL . . ., those common issues should be decided by the transferee court overseeing the related cases").[7]

Moreover, the hardship to the diverse Defendants absent a stay greatly outweighs any potential prejudice to Plaintiff if a stay is issued.   Absent a stay, the diverse Defendants will be forced to engage in duplicative litigation in multiple venues, risking inconsistent treatment of the same issues.   By contrast, any prejudice to Plaintiff arising from a stay would be minimal, as any stay would be brief.   This action has already been

---

[6] *See County of Mora v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01044 (D.N.M.), Doc. 1 (Not. of Removal), Doc. 20 (Mot. to Remand), Doc. 73 (Opp'n to Mot. to Remand), Doc. 80 (Reply ISO Mot. to Remand), Doc. 96 (Transfer Order).

[7] In addition to analyzing the issues of judicial economy and consistency of decision-making, some courts "give preliminary scrutiny to the merits of the motion to remand" in determining whether to stay the action.   *New Mexico State Invs. Council*, 317 B.R. at 443.   But even those courts agree that where, as here, "the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action."   *Id.*

conditionally transferred to the opiate MDL, and briefing on the transfer issue will be complete by November 11, with a final decision from the JPML on transfer expected after briefing is complete. *See New Mexico State Inv. Council*, 317 B.R. at 446 ("In the absence of any demonstrable prejudice to Plaintiffs, a brief stay is appropriate to further the interests of judicial economy and to avoid inconsistent rulings."); *In re Diet Drug Litig.*, 2012 WL 13012665, at *2 ("Although . . . plaintiff may suffer some prejudice by delay if the stay is granted, any inconvenience to [plaintiff] will be minimal and is outweighed by the greater interest in promoting consistency and predictability in the entire litigation. On the other hand, denying the stay would potentially subject [defendants] to the significant burden of engaging in duplicative litigation." (internal quotation marks and citations omitted)).

Numerous courts in opioid-related actions have analyzed these same issues and stayed proceedings—including any decision on pending remand motions—pending a final decision from the JPML on transfer to the MDL. *E.g.*, *Village of Melrose Park et al. v. Purdue Pharma L.P. et al.*, No. 1:18-cv-05288 (N.D. Ill.), Doc. 26 (Aug. 10, 2018 Min. Entry) ("[T]he slight delay in Plaintiffs obtaining a ruling on their remand motion is outweighed by the interests in judicial economy and the prejudice caused by potentially inconsistent results."); *Robinson Rancheria v. McKesson Corp. et al.*, No. 3:18-cv-02525-VC (N.D. Cal.), Doc. 23 (July 16, 2018 Order) ("[P]laintiffs will no doubt endure some delay in adjudication of their remand motions if the case is transferred, but any hardship resulting from that delay is outweighed by the benefits of centralized consideration of the jurisdictional issues raised in these motions."); *St. Bernard Parish*

*Gov't v. Purdue Pharma L.P. et al.*, No. 2:18-cv-02717-NJB-DEK (E.D. La.), Doc. 21 (Mar. 29, 2018 Order) ("Plaintiff will not be unduly prejudiced if proceedings, including a hearing on the motion to remand, are stayed pending a decision by the MDL Panel . . . . On the other hand, Defendants face the burden of litigating numerous cases in multiple jurisdictions."); *County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186-GFVT (E.D. Ky.), Doc. 18 (Jan. 22, 2018 Order) ("[D]eferral of the Motion to Remand is appropriate" because the MDL judge "has indicated his desire to address motions to remand collectively, as several other actions in the [MDL] have also named non-diverse defendants."); *County of San Mateo v. McKesson Corp. et al.*, No. 3:18-cv-04535-JST (N.D. Cal.), Doc. 22 (Aug. 28, 2018 Order) ("[T]he potential prejudice to Plaintiff is minimal[] because the JPML's decision is likely to be issued shortly.  By contrast, not issuing a stay will expose Defendants to the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact pending in multiple cases."); *Polk County v. Purdue Pharma L.P. et al.*, No. 8:18-cv-1814-VMC-AAS (M.D. Fla.), Doc. 3 (July 27, 2018 Order) (entering *sua sponte* stay "[i]n the interest of judicial economy" pending transfer to the opiate MDL); *City of Miami v. Purdue Pharma L.P. et al.*, No. 1:18-cv-21920-KMM (S.D. Fla.), Doc. 7 (May 22, 2018 Order) ("It is common practice for courts to stay an action pending a transfer decision by the JPML.").

Similarly, the best course here is to grant co-defendants' pending motion and briefly stay this action, including any decision on Plaintiff's motion to remand, pending a final decision from the JPML on transfer to the MDL.

**II.    IF THE COURT ADJUDICATES THE MOTION, REMAND SHOULD BE
DENIED BECAUSE THE CITIZENSHIP OF THE DEALER DEFENDANTS
SHOULD BE IGNORED**

There is no dispute here that the amount in controversy is satisfied and that Plaintiff

is diverse from the Manufacturer, Physician, Distributor, and Pharmacy Defendants.   As

explained below, the citizenship of the Dealer Defendants should be ignored because they

are misjoined pursuant to Rule 21 and the doctrine of fraudulent misjoinder.

**A.    The Dealer Defendants Should Be Severed Under Federal Rule of Civil
Procedure 21**

Even where the face of a complaint shows a lack of complete diversity, removal

based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse

defendant are severable under Rule 21.   Defendants are severable under Rule 21 if they

are either unnecessary or dispensable under Rule 19, or if the claims against them are

sufficiently distinct from claims against other defendants under Rule 20.   Here, the Dealer

Defendants should be severed on both grounds, each of which preserves diversity

jurisdiction as to the 27 diverse Defendants.

**1.    The Dealer Defendants Are Unnecessary and Dispensable Under
Rule 19**

"[I]t is well-settled that Rule 21 invests district courts with authority to allow a

dispensable nondiverse party to be dropped at any time [to preserve diversity

jurisdiction.]"   *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998)

(alterations in original) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826,

832 (1989)).   Courts in this Circuit thus have held that "[w]hen a non-diverse defendant

threatens to destroy federal jurisdiction in a given case, the court can sever and dismiss that

defendant without necessarily dismissing the entire case." *Brin v. ACI Motor Freight, Inc.*, No. 13-cv-02035-RBJ, 2014 WL 1664889, at *2 (D. Colo. Apr. 23, 2014) (citing Fed. R. Civ. P. 21); *Jones v. Masterson*, No. 17-cv-00188-RBJ, 2017 WL 2532044, at *2-3 (D. Colo. June 12, 2017) (severing claims against non-diverse, dispensable defendant, and denying plaintiff's remand motion as to claims asserted against diverse defendant).

Where, as here, resolving the claims against non-diverse doctors would not necessarily resolve the claims against diverse defendants, the non-diverse doctors are dispensable and subject to severance to preserve diversity jurisdiction. *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009), is particularly instructive. There, the plaintiffs, citizens of Louisiana, brought a products liability action against the out-of-state manufacturer of the drug Heparin. *Id.* at 870. Before the case was removed, the plaintiffs amended their complaint to add as defendants various non-diverse healthcare providers, alleging that they engaged in "negligent acts and omissions in the administration of Heparin." *Id.* at 871. Despite the addition of these non-diverse healthcare provider defendants, the district court denied remand as to the diverse manufacturer defendant.

The court reasoned that the healthcare provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against [the manufacturer]." *Id.* at 872. The medical malpractice claims against the healthcare providers "differ from the [plaintiffs'] products liability claim" against the manufacturer. *Id.* And, the court explained, the healthcare provider defendants were dispensable because the plaintiffs "retain an adequate remedy against the Healthcare Defendants as they can proceed with their claims in state court." *Id.* at 873.

Given the separate factual basis for plaintiffs' claims against the healthcare providers, the court found that it could "sever them from the claims against [the manufacturer], and in doing so, perfect diversity jurisdiction over [the manufacturer]." *Id.* at 874.

Numerous other courts have followed the same approach in materially identical circumstances. *E.g.*, *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015) (denying remand and severing non-diverse healthcare providers, explaining that "[t]he [healthcare providers] are not necessary parties to [plaintiff's] claims against the [diverse manufacturer] because the resolution of her claims against the [healthcare providers] would not necessarily resolve her claims against the [manufacturer]."); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010) (severing non-diverse doctor and denying remand as to diverse product manufacturer where the claims against the doctor "do not relate to a court's determination" of the manufacturer's liability); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3 (N.D. Ohio July 8, 2009) ("[T]he Healthcare Defendants are not necessary parties as the resolution of [plaintiff's] claim against them would not resolve his claim against the Drug Company Defendants."); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *4 (E.D. Ky. May 28, 2015) (severing non-diverse healthcare providers where the claims against them rested on "completely different factual allegations" than the claims against the diverse product manufacturer).

Under a straightforward application of Rule 21, this Court should sever the Dealer Defendants as unnecessary and dispensable to perfect diversity jurisdiction.  As in the numerous cases cited above, resolving Plaintiff's claims against the Dealer Defendants

would "not necessarily" resolve Plaintiff's claims against the diverse Defendants.  *Baxter*, 614 F. Supp. 2d at 872; *Sullivan*, 117 F. Supp. 3d at 707.  This is because the claims against the diverse Defendants are materially distinct from those against the Dealer Defendants.   Specifically, Plaintiff alleges that the Manufacturer and Physician Defendants misrepresented the risks and benefits of FDA-approved prescription opioid medications in marketing the medications (Compl. ¶¶ 12-19, 51-52, 185-739), that the Distributor Defendants failed to report suspicious orders of opioid products to authorities (*id.* ¶¶ 744-749, 758-770), and that the Pharmacy Defendants failed to identify and halt suspicious prescriptions (*id.* ¶¶ 785-864).   By contrast, Plaintiff alleges that the Dealer Defendants engaged in criminal drug dealing by overprescribing opioid medications to consumers without any legitimate medical purpose.   (*Id.* ¶¶ 113-136.)   There is no material overlap between the factual allegations against the diverse Defendants, on the one hand, and the Dealer Defendants, on the other, as would make the Dealer Defendants necessary or indispensable under Rule 19.   In other words, whether the Dealer Defendants engaged in criminal drug dealing has nothing to do with alleged conduct of any diverse Defendant.

Severance of the Dealer Defendants is further compelled by the settled principle that alleged joint tortfeasors (like the Dealer Defendants) are unnecessary parties as a matter of law.  *See Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (holding that joint tortfeasors are not necessary parties under Rule 19); *Brin*, 2014 WL 1664889, at *4 ("Because Mr. Stiefvater, as a party with potential several liability arising out of this car accident, is not a required party under . . . Rule 19 . . . [h]e is dismissed . . . to preserve diversity.");

*Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F. Supp. 2d 1131, 1142 (N.D. Okla. 2001) ("It is a well-settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with similar liability.").

Finally, severance is especially appropriate here because it will enable the diverse Defendants and the judiciary to benefit from the significant efficiencies stemming from participation in the opiate MDL, where more than 1,000 substantially similar actions are being coordinated.   Numerous courts have held that "[s]everance is particularly appropriate . . . because it would allow for the transfer of [plaintiff's] claims against the [diverse defendants] to Multi-District Litigation."   *Sullivan*, 117 F. Supp. 3d at 707; *see Baxter*, 614 F. Supp. 2d at 873 ("[P]laintiffs will benefit from the MDL process: they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-à-vis [the diverse manufacturer]."); *Mayfield*, 2015 WL 3440492, at *5 ("[I]f the surviving federal claims are transferred to the Ethicon MDL, the prospect of dual litigation has undeniable upside.").

As one court explained in materially identical circumstances:

> The Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer] to considerable prejudice.  [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claim against [the manufacturer] in the MDL proceedings.  For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug].

*Cooke-Bates*, 2010 WL 3984830, at *4 (internal citations omitted).   Indeed, "[f]orcing the [diverse Defendants] to litigate . . . claims in state courts throughout the country whenever and wherever the claims might be joined to claims against healthcare providers . . . would defeat the entire purpose of the MDL."   *Sullivan*, 117 F. Supp. 3d at 707.

### 2.      The Dealer Defendants Are Also Misjoined Under Rule 20

Separate and apart from permitting severance of unnecessary and dispensable parties (discussed above), Rule 21 also permits severance of claims that are misjoined under Rule 20.   Rule 21 permits severance of claims against a non-diverse defendant that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against diverse defendants.   Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a)." (citation omitted)). Courts in this Circuit and other circuits have repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against non-diverse defendants arose from different transactions or occurrences.[8]   As noted

---

[8] *See, e.g.*, *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 502-05 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-84 (D. Nev. 2004); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6-7 (E.D. La. Sept. 10, 2014); *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

above, the claims against the Dealer Defendants are materially distinct from, and rest on materially distinct facts than, the claims against the diverse Defendants.   They do not arise from the same transaction or occurrence, and are misjoined under Rule 20.

That Plaintiff asserts causes of action against "all Defendants" changes nothing. Severance is appropriate because the *factual basis* for Plaintiff's claims against the diverse Defendants is separate and distinct from the factual basis giving rise to Plaintiff's claims against the Dealer Defendants.  *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a).").

## B.    In the Alternative, the Dealer Defendants Are Fraudulently *Mis*joined

As an alternative to severance under Rule 21, the citizenship of the Dealer Defendants should be ignored for purposes of diversity jurisdiction under the procedural misjoinder doctrine.  Fraudulent misjoinder, sometimes called procedural misjoinder, "occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action."  *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. Aug. 19, 2010) (internal quotation marks and citation omitted); *see also Tapscott*

*v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

Courts in this Circuit have adopted the fraudulent misjoinder doctrine in cases where, as here, "there are no questions of law or fact common to all Defendants that will arise in the action." *Bunnell v. Oklahoma MH Properties, LP*, No. CIV-12-372-R, 2012 WL 12863916, at *1 (W.D. Okla. May 11, 2012) (applying fraudulent misjoinder doctrine to sever non-diverse defendants). As explained above, Plaintiff's claims against the Dealer Defendants arise from different transactions or occurrences than, and are misjoined with, claims against the diverse Defendants.

Notably, in opioid-related cases like this one, courts have relied on the procedural misjoinder doctrine to ignore the citizenship of non-diverse doctors who, like the Dealer Defendants here, were accused of improper prescribing. *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017); *but see Brooke Cty. Comm'n et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009 (N.D. W. Va.), Doc. 23 (Feb. 23, 2018 Order). In *McKesson Corp.*, the plaintiff filed suit in state court against diverse distributors of opioid products for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor for allegedly "provid[ing] written opioid prescriptions for patients, knowing that the drugs were likely to be abused, diverted or misused." 263 F. Supp. 3d at 642. Denying plaintiff's remand motion, the court held that "plaintiff's claims against the [distributors]

and the claims against [the doctor]" lacked "common questions of law or fact" and were

"separate and distinct" and did not defeat diversity.   *Id.* at 647.   In *City of Huntington*, the

court reached the same conclusion for substantially the same reasons.   2017 WL 3317300,

at *5 (claims against diverse and non-diverse defendants were "separate and distinct").

In sum, if the Court does not sever the Dealer Defendants under Rule 21, it should

deny remand under the procedural misjoinder doctrine.

## CONCLUSION

For the foregoing reasons, the Court should briefly stay this action, including any

decision on remand, pending a final decision from the JPML on transfer to the opiate MDL.

Alternatively, the Court should deny the motion to remand because the Dealer Defendants

are severable under Rule 21 and procedurally misjoined.

DATED:   October 10, 2018

/s/   *Ray E. Zschiesche*
Ray E. Zschiesche, OBA #11587
PHILLIPS MURRAH P.C.
Corporate Tower, 13th Floor
101 N. Robinson Avenue
Oklahoma City, OK 73102
(405) 235-4100; (405) 235-4133 (fax)
rezschiesche@phillipsmurrah.com

John Lombardo*
Tiffany Ikeda*
ARNOLD & PORTER KAYE SCHOLER
LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
(213) 243-4000
John.Lombardo@arnoldporter.com
Tiffany.Ikeda@arnoldporter.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and
ENDO PHARMACEUTICALS INC.
*denotes national counsel who will seek pro
hac vice admission*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed with the

Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to

all counsel of record..

Dated:   October10, 2018

 /s/   *Ray E. Zschiesche*
Ray E. Zschiesche, OBA #11587
PHILLIPS MURRAH P.C.
Corporate Tower, 13th Floor
101 N. Robinson Avenue
Oklahoma City, OK 73102
(405) 235-4100; (405) 235-4133 (fax)
rezschiesche@phillipsmurrah.com

Attorney for Defendants
ENDO HEALTH SOLUTIONS INC. and
ENDO PHARMACEUTICALS INC.